# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| ROBINSON AGUIRRE SATIZABAL, Petitioner, vs. UNITED STATES OF AMERICA, Respondent. | CASE NO. 20CR0440-LAB<br><br>**ORDER DENYING MOTION TO SET ASIDE SENTENCE UNDER 28 U.S.C. § 2255** |
|---|---|

Robinson Aguirre Satizabal moves to vacate or set aside his sentence under 28 U.S.C § 2255. (Dkt. 97). The Government opposes Satizabal's motion. (Dkt. 103). Having carefully considered the pleadings in this action, the Court **DENIES** the motion.

**I.     BACKGROUND**

On July 28, 2020, Satizabal plead guilty to two charges: (1) possession of cocaine with intent to distribute on board a vessel; and (2) operation of a semi-submersible vessel without nationality. (Dkt. 97 at 15). The Court sentenced him to 96-months in custody to be followed by five years of supervised release. (*Id.*). Satizabal filed this motion to vacate his sentence on August 19, 2022 (Dkt. 97).

## II. DISCUSSION

Satizabal raises two claims: (1) the court lacked subject matter jurisdiction; and (2) his sentence was procedurally unreasonable. (Dkt. 97 at 13–14). The Government argues the motion must be dismissed because: (1) it is untimely; (2) Satizabal waived his right to collaterally challenge the conviction and sentence in his plea agreement; (3) he failed to satisfy his burden of pleading facts to establish that his counsel performed ineffectively. (Dkt. 103 at 2).

### A.   Statute of Limitations and Collateral Attack Waiver

#### 1.   Timeliness

Under 28 U.S.C § 2255(a) a prisoner in custody may move to vacate, set aside, or correct a judgment if the sentence was imposed in violation of the Constitution or laws of the United States, or the court was without jurisdiction to impose such a sentence, or the sentence was longer than the maximum authorized by law, or the sentence is otherwise subject to collateral attack.  A one-year limitations period generally applies to such motions. The limitations period runs from the date on which the judgment of conviction became final. 28 U.S.C. § 2255(f); *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994). A hearing on the motion must be granted "[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Blaylock*, 20 F.3d at 1465.

The Court entered judgment in this case on March 22, 2021. (Dkt. 95). The one-year limitations period expired on March 22, 2022. Satizabal filed his untimely motion on August 19, 2022 – five months after the one-year deadline. (Dkt. 97). Satizabal argues his untimeliness should be excused because his counsel "refused to give him any documents [from] his criminal case." (Dkt. 106 at 2–3).  He points to his unfamiliarity with the English language and with the laws of the United States, and also makes a vague assertion that available

resources created "exceptionally extraordinary and compelling circumstances warranting equitable tolling." (*Id.*). The Court is dubious that Satizabal's unsubstantiated excuses for filing late justify his 150-day delay, *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001), but regardless, there are sufficient reasons to deny his petition on the merits.

### 2.   Waiver

The right to collaterally attack a sentence under 28 U.S.C. § 2255 is statutory in nature, and a defendant may waive the right. *See*, *e.g.*, *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that by entering a plea agreement and waiving the right to appeal sentencing issues, defendant relinquished his right to seek collateral relief from his sentence on the ground of newly discovered exculpatory evidence). Satizabal explicitly waived in writing the right to appeal or collaterally attack his conviction and sentence as part of his plea agreement (Dkt. 54 at 3). A knowing and voluntary waiver of the statutory right to collaterally attack one's conviction is enforceable. *United States v. Navarro-Botello*, 92 F.2d 318, 321 (9th Cir. 1990).

Satizabal's plea agreement expressly recited that his plea was knowing and voluntary, and he signed an acknowledgment that he fully understood the agreement's terms. (Dkt. 54). In addition, during his guilty plea hearing, he personally confirmed he understood the concept of collateral attack, stated he was knowingly waiving his right to bring such an attack, and assured the Court his waiver was of his own volition. (Dkt. 102 at 15). He agreed the waiver applied to both his conviction and sentence, provided his sentence didn't exceed the high end of the guidelines range as calculated by the Government in the plea agreement. (Dkt. 54 at 12–13). The high end of the range was 210 months, 114 months higher than the 96-month sentence the Court imposed. In his motion, Satizabal grumbles about "tyrannical powers" and "fundamental unfairness," but he doesn't challenge the voluntariness nor the validity of his

waiver of collateral attack. (Dkt. 106 at 3–4). The Court finds Satizabal's waiver was knowing, voluntary, and intelligent. A deal's a deal, and here the waiver is enforceable. His motion to vacate his properly-imposed sentence is **DENIED**.

### B. Ineffective Assistance of Trial Counsel

While a claim of ineffective assistance of counsel can survive a valid waiver of collateral attack, *Washington v. Lampert*, 422. F.3d 864,870 (9th Cir. 2005), Satizabal's fake claims of attorney incompetence are patently bogus. "[I]n the context of § 2255 challenges brought by federal prisoners, [collateral attack] waivers cannot bar [ineffective assistance of counsel] claims associated with the negotiation of plea agreements." *Id.* To establish ineffective assistance of counsel, a petitioner must prove more likely than not that: (1) the assistance provided by counsel fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To satisfy *Strickland's* deficiency prong, a petitioner must show that his counsel's performance "fell below an objective standard of reasonableness" and wasn't "within the range of competence demanded of attorneys in criminal cases." *Id.* at 687 (quoting *McMahan v. Richardson*, 397 U.S. 759, 771 (1970)). This is a difficult showing to make because there is a "strong presumption that counsel's conduct falls within a wide range of professional assistance." *Id.* at 689.

Satizabal complains his attorney failed to challenge the United States' jurisdiction over the case. But his lawyer was no dummy and knew that such a challenge would have been pointless. (Dkt. 97 at 5, 16–17; Dkt. 106 at 1). The semi-submersible, drug-loaded vessel in which Satizabal was arrested was stateless or "without nationality" because: (1) the master of the vessel failed to make a claim of nationality even when the arresting officer inquired; (2) the vessel wasn't flying the ensign or flag of any nation; and (3) the vessel

|   |   |
|---|---|
| 1 | didn't contain papers documenting the vessel's nationality. (Dkt. 54 ¶ B.4). |
| 2 | Congress long ago constitutionally extended United States criminal jurisdiction |
| 3 | over stateless vessels in international waters (where Satizabal was |
| 4 | apprehended). *See United States v. Velarezo-Orobio*, 635 F.3d 1261 (11th Cir. |
| 5 | 2011) (upholding constitutionality of 18 U.S.C. § 2285 as within Congress's |
| 6 | authority under Article 1, Section 8, Clause 10); *United States v. Marino-* |
| 7 | *Garcia*, 679 F.2d 1373, 1383 (11th Cir. 1982) (criminal jurisdiction properly |
| 8 | extended to any stateless vessels found in international waters), so there was |
| 9 | little point in Satizabal's lawyer arguing otherwise. Because the Court properly |
| 10 | exercised subject matter jurisdiction over Satizabal, his "my lawyer was |
| 11 | incompetent claim" fails. |

Satizabal's other argument is that his counsel underperformed by not challenging the reasonableness of his sentence (Dkt. 97 at 1, 27; Dkt. 106 at 1). To begin with, this argument ignores that Satizabal, via his plea agreement, acquiesced to possibly receiving a sentence more than twice as long as the sentence he received. His sentence was even below the *low* end of his applicable Guidelines. Satizabal hasn't identified the procedural error or errors the Court supposedly committed, nor has he explained his rationale for claiming his counsel should be faulted after he persuaded the Court to impose a substantially reduced sentence. Satizabal's grousing aside, nothing counsel said or did fell below the objective standard of reasonableness of attorney competency.

Satizabal's claims that his attorney provided constitutionally ineffective assistance are **DENIED**. A hearing isn't required because Satizabal hasn't made "specific factual allegations which, if true, would entitle him to relief." *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir.1982). Nor has Satizabal established that he was prejudiced, *i.e.*, that any different result would have been achieved. *Strickland*, *supra*, 466 U.S. at 688.

## III. CERTIFICATE OF APPEALABILITY

A certificate of appealability is authorized "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Santizabal must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). On this record, it is difficult to conceive that reasonable jurists would disagree with this Court's resolution of Santizabal's claims or that the issues he raises should go any further. The Court DENIES a certificate if appealability.

## IV. CONCLUSION

Plaintiff's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 to vacate is **DENIED.** So is his request for appointment of counsel and for a certificate of appealability.

**IT IS SO ORDERED**.

Dated: May 26, 2023

*Larry A. Burns*

**HON. LARRY ALAN BURNS**
United States District Judge